## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

In Re:

**Lawrence R. Taylor, Jr.**
**Heather Taylor**

　　　　Debtors.

Case No. 15-12600-JDL
Chapter 13

### OBJECTION TO CONFIRMATION OF AMENDED
### CHAPTER 13 PLAN COMBINED WITH REQUEST FOR
### CONVERSION OR DISMISSAL IF CONFIRMATION IS DENIED

COMES NOW John Hardeman, Chapter 13 Trustee ("Trustee"), and pursuant to 11 U.S.C. Sections 1322, 1325 and 1326, objects to confirmation of the debtors' Amended Chapter 13 Plan ("plan" or "amended plan"). In support of his Objection to Confirmation, the Trustee states as follows:

　　* The debtors are not current on proposed plan payments. As of October 8, 2015, the debtors are delinquent in the amount of $4,694.00. Pursuant to 11 U.S.C. Section 1326(a), debtors must commence plan payments no later than 30 days after the date of the filing of the chapter 13 petition. Pursuant to 11 U.S.C. Section 1325(a)(6), debtors must show the Court they will be able to make all payments under the plan in order for the plan to be confirmed. The failure of the debtors to remain current on proposed plan payments evidences an inability to timely pay all required plan payments.

* The plan as proposed is not feasible in that the amount the debtors propose to pay into the plan is not sufficient to pay all obligations required to be paid under the plan. Eleven U.S.C. Sections 1322 and 1325 provide mandatory provisions regarding the payment of certain types of debts and discretionary provisions regarding other types of debts. The debtors propose to pay a total of $140,820.00 to the Trustee during the term of the plan, while the amount required to pay both mandatory and discretionary obligations proposed to be paid under the plan is $143,022.82 based upon information available to the Trustee at this time.

* The debtors are not current on their long-term mortgage obligation owed to Ditech Financial. Pursuant to 11 U.S.C. Section 1322(b)(5), a chapter 13 plan may provide for the curing of a default and the maintenance of regular payments on a debt which extends beyond the term of the plan. The debtors propose to pay their continuing monthly payment directly to the mortgage holder outside the plan and have not provided for the payment of any mortgage arrearage. However, the holder of the mortgage has filed a claim reflecting the existence of an arrearage. The failure to provide for payment of the continuing monthly mortgage payment and the arrearage through the plan conflicts with previous directives of the Court regarding the treatment of mortgage debts. Pursuant to the Chapter 13 Guidelines appended to the Local Rules of this Court, all mortgages extending beyond the plan under which the debtor is not current must be paid through the plan.

\* The debtors are not devoting all projected disposable income into the plan, nor do the debtors propose to pay all unsecured creditors in full. Pursuant to 11 U.S.C. Section 1325(b)(1), upon objection by the Trustee or an unsecured creditor, the Court may not confirm a Chapter 13 plan unless as of the effective date of the plan the plan either provides for full payment of all unsecured claims or provides for the submission of all projected disposable income for the applicable commitment period of the plan. In accordance with 11 U.S.C. Section 1325(b)(3) and (b)(4), if the income of a debtor is above median, disposable income is determined through a means test. Based upon the income of the debtors at the time of the filing of this case, the level of income of the debtors was above median. Based on information provided to date by the debtors, the projected disposable income based upon means test calculations is $2,628.57.

\* It is the Trustee's position the debtors are paying for items not necessary for an effective reorganization, more specifically, boat, five vehicles and rental property.

WHEREFORE, for the reasons stated above, the Trustee respectfully requests that confirmation of the amended plan be denied and that the Court grant such other relief as is warranted including, but not limited to, conversion or dismissal of the case pursuant to 11 U.S.C. Section 1307(c).

Respectfully Submitted,

s/John Hardeman
John Hardeman, Trustee
321 Dean A. McGee Avenue
PO Box 1948
Oklahoma City, OK 73101
13trustee@chp13okc.com
Tel: (405) 236-4843
Fax: (405) 236-1004

## CERTIFICATE OF MAILING

      This is to certify that on October 13, 2015, a true and correct copy of the foregoing document was served by U.S. Mail, first class, postage prepaid, on the following:

Lawrence R. Taylor, Jr.
Heather Taylor
203 Choctaw Ave.
Geronimo, OK 73543

                                                s/John Hardeman
                                                John Hardeman, Trustee    JS